UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES HORNSBY,

                Petitioner,                Case Number: 2:06-CV-12608

v.                                        HON. VICTORIA A. ROBERTS

RAYMOND BOOKER,

                Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner James Hornsby, a state inmate currently incarcerated at the Ryan Correctional Facility in Detroit, Michigan, has filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Respondent has filed an Answer in Opposition arguing that the petition was not timely filed. The Court concludes that Petitioner failed to file his petition within the applicable limitations period and shall, therefore, dismiss the petition.

**I.**

Following a jury trial in Genesee County Circuit Court, Petitioner was convicted of armed robbery, carrying a concealed weapon, and possession of a firearm during the commission of a felony. On April 17, 2000, he was sentenced as a third habitual offender to thirty to fifty years imprisonment for the armed robbery conviction and five to ten years imprisonment for the carrying a concealed weapon conviction, to be served concurrently with one another and consecutively to two years imprisonment for the felony-firearm conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals. The Michigan Court of Appeals affirmed the convictions. People v. Hornsby, 251 Mich. App. 462, 650 N.W.2d 700

(Mich. Ct. App. May 24, 2002). Petitioner did not seek leave to appeal in the Michigan Supreme Court. *See* Affidavit of Corbin R. Davis, Clerk, Michigan Supreme Court, November 17, 2006.

On April 28, 2006, Petitioner filed the pending petition for a writ of habeas corpus.

## II.

Respondent has filed an Answer in Opposition to Petition for Writ of Habeas Corpus in which he argues that the petition should be dismissed because it was not timely filed. A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. (d)(1)(A).

In the pending case, Petitioner appealed his convictions to the Michigan Court of Appeals, which issued an opinion affirming his convictions on May 24, 2002. Michigan Court Rule 7.302(C)(3) allows a defendant fifty-six days from the date of the Michigan Court of Appeals decision to file a delayed application for leave to appeal. Petitioner did not file an application for leave to appeal to the Michigan Supreme Court. Thus, his conviction became final when the time for seeking such review expired, July 19, 2002. *See* Redmond v. Jackson, 295 F. Supp. 2d 770, 767 (E.D. Mich. 2003) (Gadola, J.) (holding that conviction becomes final when the 56-day time period for filing a delayed application for leave to appeal in the Michigan Supreme Court expires); Brown v. McKee, 232 F. Supp. 2d 761, 765 (E. D. Mich. 2002) (Rosen, J.) (same); Erwin v. Elo, 130 F. Supp. 2d 887, 889 (E.D. Mich. 2001) (Tarnow, J.) (same). The limitations period commenced the following day, July 20, 2002, and continued to run uninterrupted until it expired on July 20, 2003.

Petitioner makes some vague arguments that the statute of limitations should not bar his

claim because the state court lacked jurisdiction to try him.  Petitioner provides no support for his argument that this claim renders the statute of limitations inapplicable and the Court is aware of no such exception to the statute of limitations.

### III.

For the foregoing reasons, the Court finds that the petition was not timely filed. Accordingly, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

    S/Victoria A. Roberts
    Victoria A. Roberts
    United States District Judge

Dated:  March 21, 2007

> The undersigned certifies that a copy of this document was served on the attorneys of record and pro se petitioner by electronic means or U.S. Mail on March 21, 2007.
>
> S/Carol A. Pinegar
> Deputy Clerk