UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES HORNSBY,

        Petitioner,         Case Number: 2:06-CV-12608

v.        HON. VICTORIA A. ROBERTS

RAYMOND BOOKER,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION

Petitioner James Hornsby filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for armed robbery, carrying a concealed weapon, and possession of a firearm during the commission of a felony. Respondent filed an Answer in Opposition arguing that the petition was not timely filed. The Court held that the petition was not filed within the applicable limitations period and, therefore, dismissed the petition. Now before the Court is Petitioner's Motion for Reconsideration.

Motions for reconsideration may be granted when the moving party shows (1) a "palpable defect," (2) by which the court and the parties were misled, and (3) the correction of which will result in a different disposition of the case. E.D. Mich. L.R. 7.1(g)(3). A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest or plain." Olson v. The Home Depot, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004).

Petitioner seeks reconsideration of the Court's determination that the petition was not timely filed. Petitioner argues that, because he argued in his petition that the state court lacked subject-matter jurisdiction the limitations period was inapplicable to his petition and he was free to raise the claimed jurisdictional defect "at any time."

An allegation that a state court lacked jurisdiction is not a factor relevant to an equitable tolling analysis. Fields v. Ward, 165 Fed. Appx. 644, 647 (10th Cir. 2006). While a criminal defendant may be able to raise the issue of lack of subject matter jurisdiction at any time in state court, a prisoner filing a habeas corpus petition is not exempt from the statute of limitations simply because the prisoner raises a claim that the state court lacked jurisdiction. Id.; *see also* Moore v. Ozmint, 2006 WL 2873620, * 4 (D. S.C. Oct. 4, 2006) ("[T]he frequently quoted maxim that a criminal defendant can raise the issue of lack of subject matter jurisdiction at any time should actually be phrased 'at any time he is in state court.'")(internal quotation omitted); Simmons v. Pennsylvania, 2007 WL 916107 (M.D. Pa. March 26, 2007) (dismissing petition as untimely despite claim that state court lacked jurisdiction). Petitioner's claim that the state court lacked subject matter does not render the limitations period inapplicable or entitle him to equitable tolling.

The Court notes that Petitioner has filed a Complaint for Writ of Mandamus in the Court of Appeals for the Sixth Circuit, relating to the Court's disposition of Petitioner's habeas corpus petition. *See* In re: James Hornsby, No. 07-1560. The Court declines to respond to the Complaint for Writ of Mandamus because the issues raised in that Complaint are raised in the Motion for Reconsideration and adequately addressed in this Order.

Accordingly, **IT IS ORDERED** that Petitioner's Motion for Reconsideration is **DENIED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: May 22, 2007

The undersigned certifies that a copy of this document was served on the attorneys of record and pro se petitioner by electronic means or U.S. Mail on May 22, 2007.

S/Carol A. Pinegar
Deputy Clerk