**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JAMES HORNSBY,

Petitioner, Case Number: 2:06-cv-12608

v. HON. VICTORIA A. ROBERTS

RAYMOND BOOKER,

Respondent.
_____________________________________/

**OPINION AND ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT**

Michigan state prisoner James Hornsby filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for armed robbery, carrying a concealed weapon, and possession of a firearm during the commission of a felony. On March 21, 2007, the Court denied the petition because it was not timely filed. Now before the Court is Petitioner's Motion for Relief from Judgment.

Petitioner seeks relief from judgment pursuant to Fed. R. Civ. P. 60(b)(4). Rule 60(b)(4) motions must be brought "within a reasonable time." Fed. R. Civ. P. 60(c)(1). Determining whether a motion has been filed within a reasonable time "ordinarily depends on the facts of a given case including the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief." *Olle v. Henry & Wright, Corp.*, 910 F.2d 357, 365 (6th Cir. 1990). Petitioner's motion was filed on July 11, 2012, almost five years after the Court

issued its judgment.  Petitioner provides no explanation for why he waited nearly five years to file his motion.  He raises no arguments that would have been unavailable to him earlier.  In fact, the motion amounts to little more than a disagreement with the Court's decision.  There are no circumstances compelling equitable relief in this case.  Given these factors, the Court finds that Petitioner's motion was not filed within a reasonable time.  *Accord General Medicine, P.C. v. Horizon/CMS Health Care Corp.*, 475 F. App'x 65, 76 (6th Cir. 2012) (finding four-year delay unreasonable); *Blachy v. Butcher*, 129 F. App'x 173, 179 (6th Cir. 2005) (finding a three-year delay did not satisfy Rule 60(b)'s "reasonable time" limitation).

Moreover, even if the motion is not time-barred, it is meritless.  Rule 60(b)(4) provides for relief in circumstances where the underlying judgment is void.  *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995).  "A judgment is void under 60(b)(4) 'if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.'"  *Id.*,  quoting *In re Edwards*, 962 F.2d 641, 644 (6th Cir. 1992).  Petitioner has failed to demonstrate that this Court lacked jurisdiction over his habeas corpus petition or over the parties or that this Court acted in a manner inconsistent with due process.  Therefore, Petitioner is not entitled to relief from judgment under Rule 60(b)(4).

Petitioner's "Motion for Relief from Judgment" (dkt. # 41) is DENIED.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: February 21, 2013

The undersigned certifies that a copy of this document was served on the attorneys of record and James Hornsby by electronic means or U.S. Mail on February 21, 2013.

S/Carol A. Pinegar
Deputy Clerk