UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES HORNSBY,

        Petitioner,         Case Number: 2:06-cv-12608

v.        HON. VICTORIA A. ROBERTS

RAYMOND BOOKER,

        Respondent.
_____/

### OPINION AND ORDER DENYING CERTIFICATE OF APPEALABILITY

Michigan state prisoner James Hornsby filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for armed robbery, carrying a concealed weapon, and possession of a firearm during the commission of a felony. On March 21, 2007, the Court denied the petition because it was not timely filed. Almost five years later, Petitioner filed a motion for relief from judgment under Fed. Rule Civ. P. 60(b)(4), which the Court denied on February 21, 2013. Petitioner has now filed a notice of appeal.

Before Petitioner may appeal the Court's decision denying his motion, a certificate of appealability (COA) must issue. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b); *U.S. v. Hardin*, 481 F.3d 924, 926 (2007) (requiring a certificate of appealability as a prerequisite for a habeas petitioner's appeal of the denial of a Rule 60(b) motion). A COA may be issued "only if the applicant has made a substantial showing of the denial of

a constitutional right." 28 U .S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 483. The Supreme Court has also explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003). "A prisoner seeking a COA must prove 'something more than the absence of frivolity' 'or the existence of mere good faith on his or her part.'" *Id.* at 338, *quoting Barefoot*, 463 U.S. at 893.

The Court denied habeas corpus relief because the petition was barred by the one-year statute of limitations. The Court denied the motion for relief from judgment because it was not filed "within a reasonable time" as required by Fed. R. Civ. P. 60(c)(1). The Court further held that, even if the claim was not time-barred, it was meritless. Rule 60(b)(4) provides for relief in circumstances where the underlying judgment is void. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995). "A judgment is void under 60(b)(4) 'if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.'" *Id.*, quoting *In re Edwards*, 962 F.2d 641, 644 (6th Cir. 1992). The Court held that Petitioner failed to demonstrate that this Court lacked jurisdiction over his habeas corpus petition or over the parties or that this Court acted in a manner inconsistent with due process.

The Court finds that jurists of reason would not find the conclusion that the motion should be denied to be debatable or wrong. *See Slack*, 529 U.S. at 484.

Accordingly, a certificate of appealability is DENIED.

**IT IS ORDERED**.

S/Victoria A. Roberts<br>VICTORIA A. ROBERTS<br>UNITED STATES DISTRICT JUDGE

DATE: March 28, 2013