UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES HORNSBY,

        Petitioner,         Case Number: 2:06-cv-12608

v.        HON. VICTORIA A. ROBERTS

RAYMOND BOOKER,

        Respondent.
_____/

## OPINION AND ORDER TRANSFERRING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT TO SIXTH CIRCUIT COURT OF APPEALS

This matter is before the Court on Petitioner James Hornsby's motion for relief from judgment. The Court denied Hornsby's petition for a writ of habeas corpus on March 21, 2007 because it was not filed within the one-year statute of limitations. (ECF No. 32) The Sixth Circuit Court of Appeals dismissed Hornsby's appeal as untimely. *Hornsby v. Booker,* No. 07-1532 (6th Cir. July 23, 2007).

Hornsby filed a motion for relief from judgment in 2012. The Court denied the motion and denied a certificate of appealability (COA). (ECF Nos. 42, 45) Hornsby filed an application for a COA in the Court of Appeals. The Court of Appeals held that the motion was actually a successive habeas petition and denied authorization to file a successive petition under 28 U.S.C. § 2244. *Hornsby v. Hoffner*, No. 13-1284 (6th Cir. Oct. 17, 2013).

Hornsby has now filed a second motion for relief from judgment. He asks the Court to reopen his habeas corpus proceeding, grant an unconditional writ of habeas corpus, order an evidentiary hearing in state court, and order his unconditional release. Hornsby raises numerous grounds for habeas corpus relief: (i) the trial court improperly scored offense variables using facts not found by a jury; (ii) the state court and appellate counsel denied Hornsby his right to a meaningful appeal; (iii) appellate counsel was ineffective in failing to raise meritorious issues on appeal; (iv) sentence was based upon inaccurate information; and (v) the State suppressed exculpatory information.

A Rule 60(b) motion for relief from judgment that attempts to advance one or more substantive claims after the denial of a habeas petition should be classified as a "second or successive habeas petition" under 28 U.S.C. § 2244(b). *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005). A Rule 60(b) motion raises "a 'claim' if it attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* at 532. By contrast, a Rule 60(b) motion attacks "some defect in the integrity of the federal habeas proceedings." *Id.* at 532.

Hornsby's Rule 60(b) motion asserts new substantive claims for relief and, therefore, is a second or successive habeas corpus petition. *See id.* at 531-32. Hornsby is required to obtain authorization from the Sixth Circuit before he can file a new habeas petition. *See* 28 U.S.C. § 2244(b)(3)(A). He has not done so.

Accordingly, IT IS ORDERED the Clerk of the Court shall TRANSFER the Motion for Relief from Judgment (ECF # 50) to the Court of Appeals for the Sixth Circuit under to 28 U.S.C. § 1631 and *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

    S/ Victoria A. Roberts
VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

DATE: 9/17/19