UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES HORNSBY,

              Petitioner,              Case Number: 2:06-cv-12608
                                                            HON. VICTORIA A. ROBERTS

v.

RAYMOND BOOKER,

              Respondent.
_____/

**OPINION AND ORDER**

**(1) TRANSFERRING PETITIONER'S MOTION FOR STAY TO THE SIXTH CIRCUIT COURT OF APPEALS (ECF No. 54);**

**(2) DENYING PETITIONER'S MOTION FOR FORENSIC DOCUMENT EXAMINER (ECF No. 58), AND MOTION FOR RELEASE PENDING ACTION (ECF No. 62); AND**

**(3) STRIKING PETITIONER'S STIPULATION FOR DISMISSAL OF ACTION (ECF No. 64)**

In 2006, Petitioner James Hornsby filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his convictions for armed robbery, carrying a concealed weapon, and possession of a firearm during the commission of a felony. The Court denied the petition because it was not filed within the one-year limitations period. *Hornsby v. Booker*, No. 2:06-cv12608, 2007 WL 869628, at *1 (E.D. Mich. Mar. 21, 2007). The Court also denied a certificate of appealability. (ECF No. 45.) The Sixth Circuit Court of Appeals dismissed Petitioner's appeal. *See Hornsby v. Booker*, No. 07-

1532 (6th Cir. July 23, 2007). Since then, the Sixth Circuit Court of Appeals has three times denied Petitioner's requests for authorization to file a second or successive § 2254 petition. *In re: James Hornsby*, No. 17-2425 (6th Cir. Mar. 6, 2018); *Hornsby v. Hoffner*, No. 13-1284 (6th Cir. Oct. 17, 2013); *In re: James Hornsby*, No. 19-2076 (6th Cir. Jan. 6, 2020). Now before the Court are three motions and a stipulation for dismissal filed by Petitioner in this closed case.

First, Petitioner has filed a "Motion for Stay by Bond." He asks the Court to stay the March 21, 2007 decision denying habeas relief, reinstate and reopen this proceeding, and release him on bond. Petitioner seeks to reopen the case so that he may expand the record to demonstrate that his convictions were obtained by fraud. A motion which seeks to advance one or more substantive claims following the denial of a habeas petition is considered a second or successive petition under 28 U.S.C. § 2244(b). *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005). Federal "district courts lack jurisdiction to consider 'second or successive' habeas applications without prior authorization from the appropriate Court of Appeals." *Franklin v. Jenkins*, 839 F.3d 465, 475 (6th Cir. 2016). Petitioner has not obtained appellate authorization to file a second or successive habeas petition as required by 28 U.S.C. § 2244(b)(3)(A). The Court will transfer the motion to the Sixth Circuit Court of Appeals for a determination whether Petitioner is authorized to file a successive petition. *See In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Petitioner has filed a motion for release "pending [a]ction." (ECF No. 62, PageID.1101.) A petitioner may be released on bond pending a decision on the merits of

2

a habeas corpus petition where the petitioner shows: (1) a substantial claim of law, and (2) the existence of "some circumstance making the [motion for bond] exceptional and deserving of special treatment in the interests of justice." *Aronson v. May*, 85 S. Ct. 3, 5 (1964); *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990). Petitioner has not shown a substantial claim of law. The Court denied his petition and this case is closed. The motion for release will be denied.

Also before the Court is Petitioner's motion to appoint a forensic document examiner to evaluate the authenticity of documents and transcripts filed in State and Federal court. He maintains that this examination may yield information pertinent to his claims. Since the petition is no longer pending, the Court finds no basis for expanding the record by appointing a forensic document examiner.

On September 17, 2021, Petitioner issued a subpoena to Genesee County Sheriff Christopher R. Swanson to produce records regarding a corporeal lineup for a state-court criminal proceeding. (ECF No. 63, PageID.1108.) Sheriff Swanson responded that no corporeal lineup records were located. (*Id.* at 1107.) Under Fed. R. Civ. P. 45(a)(3), a subpoena may be issued only by the clerk of court or an attorney authorized to practice in the court where the action is pending. Fed. R. Civ. P. 45(a)(3). The Court did not issue this subpoena and Petitioner is not an attorney, so the subpoena is invalid. In any event, the records sought by Petitioner are irrelevant to the pending motions.

Petitioner also filed a "Stipulation for Dismissal of Action In Lieu of 60(d) Motion for Relief from Judgment." (ECF No. 64.) The stipulation is not signed by all parties as

3

required by Fed. Rule of Civil Procedure 41(a)(2).  The stipulation will be stricken from the record.

Finally, as noted, the Sixth Circuit has not authorized Petitioner to file a successive petition.  So the Court lacks jurisdiction over Petitioner's habeas petition.  *See Franklin*, 839 F.3d at 475 (6th Cir. 2016).  Unless and until Petitioner receives authorization to file a successive petition, he must not file additional motions challenging his convictions, seeking discovery, or otherwise attempting to litigate his claims in this closed case.

Accordingly, for the reasons stated, the Court ORDERS the Clerk of Court to TRANSFER Petitioner's "Motion for Stay by Bond" (ECF No. 54) to the United States Court of Appeals for the Sixth Circuit.

The Court DENIES Petitioner's "Motion for Release" (ECF No. 62) and "Motion for Forensic Document Examiner" (ECF No. 58).

The Court ORDERS Petitioner's "Stipulation for Dismissal of Action In Lieu of 60(d) Motion for Relief from Judgment" (ECF No. 64) STRICKEN.

SO ORDERED.

       s/ Victoria A. Roberts  
       VICTORIA A. ROBERTS  
       UNITED STATES DISTRICT JUDGE

DATED: 1/4/2022